IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ERNEST JOHN YOUNG,<br><br>　　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR SERVICE OF PROCESS, MOTION FOR REMOVAL EMERGENCY MOTION FOR REMAND BACK TO U.S. DISTRICT COURT, AND MOTION TO APPOINT COUNSEL<br><br><br><br>Case No. 2:12-CV-813 TS |

Plaintiff Ernest John Young filed a *pro se* Complaint with the Clerk of Court. His Motion for Leave to Proceed *in forma pauperis* has been granted. Plaintiff has also filed two Motions for Service of Process,[1] a Motion to Appoint Counsel,[2] and a Motion for Removal Emergency Motion for Remand Back to U.S. District Court.[3] The Court has completed the

---

[1] Docket Nos. 5 and 8.

[2] Docket No. 4.

[3] Docket No. 7.

1

screening process set forth under 28 U.S.C. § 1915.  Having reviewed the pleadings in the file and being otherwise fully informed, the Court will dismiss the Complaint and deny all pending Motions as moot.

Plaintiff brings this suit against several parties, including, among many others, the Federal Bureau of Investigation ("FBI"), General Motors ("GM"), Elvis Presley, Lisa Marie Presley, the Salt Lake City Justice Court, and the United States Solicitor General.

## I.  DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss Plaintiff's Complaint if it is frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[4]

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts to contradict them."[5]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

requirements."[7]  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[8]  With these standards in mind, the Court will attempt to address the causes of action set out in Plaintiff's Complaint.

In this case, Plaintiff believes that he is the first-born son of Elvis Presley.  Plaintiff claims that there is a grave at Graceland—a property that once belonged to Elvis and currently serves as a museum—that bears Plaintiff's name, but that the person buried there was murdered in a scheme to fake Plaintiff's death and steal his identity.  However, according to Plaintiff, the FBI "threatened Plaintiff's arrest by the Salt Lake City Police" if Plaintiff tried to file an identity theft case with the FBI.  Plaintiff also claims that he is the biological father of triplets that Lisa Marie Presley kidnapped by helicopter from the University of Utah hospital.

Plaintiff also appears to allege that Judge Boyd Bunnell of the Seventh District Court of Carbon County, Utah, conspired with someone named Rick Stanley to orchestrate an automobile accident in an attempt to murder Plaintiff and his younger brother, Bobby.  According to Plaintiff, Rick Stanley also went on to murder Elvis Presley with "a lethal dose."[9]  Apparently in connection with the automobile accident, Plaintiff further alleges that he received a $750,000 settlement check from GM that he was not able to cash.

---

[7] *Id.*

[8] *Id.*

[9] Docket No. 3, at 5.

Finally, Plaintiff appears to ask this Court to order a criminal investigation into the "murder of Malissa for Plaintiff's grave, and . . . Competency Evaluation Extending from CV 11599."[10]

The Court finds that Plaintiff's allegations with respect to the kidnapping, alleged murders, and the GM settlement check are frivolous, based on fanciful factual allegations, rising "to the level of the irrational or wholly incredible."[11] Further, to the extent Plaintiff urges this Court to order a criminal investigation, the Court notes that "such an order would improperly intrude upon the separation of powers."[12] Finally, even construing Plaintiff's Complaint liberally, his remaining allegations "fail to state any cognizable federal claim that [the Court] can determine."[13]

## II. CONCLUSION

For the reasons discussed above, Plaintiff's Complaint is dismissed under 28 § 1915(e)(2)(B). It is therefore

ORDERED that Plaintiff's Motions for Service of Process (Docket Nos. 5 and 8), Motion to Appoint Counsel (Docket No. 4), and Motion for Removal Emergency Motion for Remand Back to U.S. District Court. (Docket No. 7) are DENIED AS MOOT. The Clerk of Court is ordered to close this case forthwith.

---

[10] Docket No. 3, at 13.

[11] *Denton*, 504 U.S. at 33.

[12] *Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004).

[13] *Id.*

DATED   October 26, 2012.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge